UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 5:26-cv-01567-AB-RAO | Date: | April 7, 2026 |
|---|---|---|---|

| Title: | *Dzhakhar Aslambekov v. Ernesto Santacruz, Jr. et al* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**    **[In Chambers] ORDER <u>GRANTING</u> PETITIONER'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE [Dkt. No. 3]**

On March 31, 2026, Petitioner Dzhakhar Aslambekov ("Petitioner") filed a Petition for a Writ of Habeas Corpus ("Petition," Dkt. No. 1) challenging his detention at the Adelanto Detention Facility. That same day, Petitioner filed an Emergency Application for Temporary Restraining Order ("TRO Application," Dkt. No. 3) seeking an order requiring Respondents to immediately release him from custody, and other incidental relief. *See* Prop. TRO (Dkt. No. 3-3).

The Court ordered Respondents to respond by Monday April 6, 2026, at 4:00 p.m.. *See* Order (Dkt. No. 6). Respondents timely filed a Response. *See* Response (Dkt. No. 8). But the Response does not address the relief sought in the TRO Application—immediate release. Instead, it states only that Respondents "are not presenting an opposition argument with respect to providing Petitioner a bond hearing at this time." *See* Response p. 2. Accordingly, the TRO Application is unopposed. And, upon its independent review, the Court finds that the TRO Application is meritorious.

CV-90 (12/02)    **CIVIL MINUTES – GENERAL**    Initials of Deputy Clerk <u>EVC</u>

1

## I.    BACKGROUND

Petitioner is a 27-year old citizen of Russia who entered the United States on February 4, 2024. Pet. ¶¶ 2, 3, 41. The Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear that charged him with inadmissibility under INA § 212(a)(7)(A)(i)(I) for arriving without valid entry documents. *Id.* ¶¶ 3, 43. On March 26, 2024, ICE released Petitioner from custody on parole under INA § 212(d)(5). *Id.* ¶ 44. Thereafter, Petitioner found employment as a delivery driver and has been in compliance with all immigration proceedings. *Id.* ¶ 45. On June 8, 2025, ICE arrested Petitioner "through a targeted enforcement operation," and he has been in Respondents' custody ever since. *Id.* ¶¶ 8, 46, 47. Thereafter, Petitioner filed an application for asylum. *Id.* ¶ 48. On November 28, 2025, an immigration judge denied Petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture, and ordered him removed to Russia. *Id.* ¶ 49. Petitioner appealed these orders, automatically staying the immigration judge's removal order. *Id.* ¶¶ 7, 50, 51.

Petitioner's Petition alleges that his re-detention deprives him of his rights to procedural due process and substantive due process under the Fifth Amendment to the United States Constitution. In his TRO Application, Petitioner seeks his immediate release based on these claims.

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure ("Rule") 65, a court may grant preliminary injunctive relief, including a temporary restraining order ("TRO"), to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b). To obtain relief, a plaintiff must meet the "*Winter*" factors: (1) the plaintiff "is likely to succeed on the merits"; (2) the plaintiff "is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in [the plaintiff's] favor"; and (4) "an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008)).

The Ninth Circuit also employs a "sliding scale" approach, where "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction or TRO, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

## III.    DISCUSSION

To succeed on a petition for a writ of habeas corpus, a petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. The Court finds that Petitioner should be granted preliminary relief based on his claim that his re-detention without process violates his right to procedural due process under the Fifth Amendment.

As noted above, Respondents misapprehend that Petitioner seeks only a bond hearing. In fact, Petitioner seeks his immediate release: because he was previously released on parole, he argues that his *re-detention* without a pre-deprivation hearing violates his Fifth Amendment right to due process, so therefore he should be released immediately. Given Respondents' misapprehension that this is a bond-hearing case, they have failed to respond to the merits of the TRO as filed.

This Court has adjudicated several similar matters in which a person released on an order of supervision or parole was re-detained without process, and has found that such petitioners are likely to succeed on the merits of their Fifth Amendment due process claims. *See, e.g.*, *Jorge Luis Castano Gaviria v. David Marin et al.*, 5:26-cv-01507-AB-SP (C. D. Cal., April 3, 2026) (TRO requiring Respondents to immediately release petitioner who they previously released on parole and who they re-detained without process); *Eugenio Fernandez Perez v. Pamela Bondi et al.*, 2026 WL 710513, at *3, 5:26-cv-00946-AB-AJR (C.D. Cal., March 13, 2026) (Dkt. No. 12) (granting preliminary injunction ordering Respondents to immediately release petitioner who they released in 2007 on an Order of Supervision but who they re-detained without process); *Akbota Zhalekeyeva v. Kristi Noem et al.*, 5:26-cv-01018-AB-DSR (C.D. Cal., March 11, 2026) (TRO requiring Respondents to immediately release petitioner who they released on parole and who they re-detained without process).

For the reasons that the Court set forth in the above orders, the Court reaches the same conclusion here: that Petitioner is likely to succeed on the merits of his Fifth Amendment procedural due process claim, and that he has satisfied the *Winter* test such that a TRO should issue.

"A procedural due process claim has two elements: '(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections.'" *Miranda v. City of Casa Grande*, 15 F.4th 1219, 1224

(9th Cir. 2021) (citation omitted). Petitioner likely satisfies both elements. First, because Petitioner was previously released on parole, he has a protected liberty interest in remaining free from detention. *See Garcia v. Noem*, No. 25-CV-3759-LL-BLM, 2026 WL 194745, at *2 (S.D. Cal. Jan. 26, 2026). Second, under the test set forth in *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976), Respondents' failure to provide any pre-detention process likely denied Petitioner adequate process (1) given the importance of Petitioner's private interest; (2) because there is a high risk of erroneous deprivation, given the record here, and there is a readily-available alternative process (pre-deprivation notice and a hearing); and (3) because Respondents have no legitimate interest in re-detaining Petitioner without first providing notice and a hearing

And the Court again concludes that Petitioner satisfies the remaining elements of the *Winter* test: Petitioner's continued detention in ICE custody without due process hearing constitutes irreparable harm, *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (the deprivation of constitutional rights "'unquestionably constitutes irreparable injury'"); and both the balance of the equities and the public interest weigh heavily in Petitioner's favor given Respondents' likely violation of his rights. *See Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) (violations of federal law are neither equitable nor in the public's interest).

The Court therefore **<u>GRANTS</u>** Petitioner's TRO Application.

The Court **<u>WAIVES</u>** the Fed. R. Civ. P. 65(c) bond requirement because "there is no realistic likelihood of harm to [Respondents] from enjoining [their] conduct." *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (cleaned up). Furthermore, requiring a bond in this case would deter individuals from seeking to vindicate their constitutional and statutory rights. *Baca v. Moreno Valley Unified Sch. Dist.*, 936 F. Supp. 719, 738 (C.D. Cal. 1996).

//
//
//
//
//

CV-90 (12/02)                    **CIVIL MINUTES – GENERAL**                    Initials of Deputy Clerk <u>EVC</u>

## IV.    CONCLUSION

The Court therefore **GRANTS** Petitioner Dzhakhar Aslambekov's Application for a TRO (Dkt. No. 3) and **ORDERS**:

1. Respondents are **ORDERED to IMMEDIATELY RELEASE** Petitioner Dzhakhar Aslambekov from custody, subject only to the conditions of his pre-existing parole. The parties are **ORDERED** to file a Joint Statement regarding Respondents' compliance with this Order by **Friday April 18, 2026, at 12:00 p.m.**

2. Respondents are **ENJOINED** from re-detaining Petitioner without notice of the reasons for revocation of his parole and a pre-deprivation hearing before a neutral immigration judge to determine whether detention is warranted. At any such hearing, Respondents must bear the burden of establishing that Petitioner poses a risk of flight or danger to the community.

3. Respondents are **ORDERED TO SHOW CAUSE** in writing why the Court should not issue a preliminary injunction. Respondents must file their response by **Tuesday April 14, 2026, at 12:00 p.m.** Petitioner must file any reply by **Friday April 17, 2026, at 5:00 p.m.** The Court **SETS** a hearing on the Order to Show Cause regarding preliminary injunction for **Wednesday April 22, 2026, at 10:00 a.m.**, via Zoom.

4. This Order will remain in effect for fourteen (14) days from entry, after which it will expire absent further order of the Court.

   **IT IS SO ORDERED**.