UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 5:26-cv-01567-AB-RAO | Date: | April 20, 2026 |

| Title: | *Dzhakhar Aslambekov v. Ernesto Santacruz, Jr. et al.* |

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |

| Evelyn Chun | N/A |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Appearing | None Appearing |

**Proceedings:**   **[In Chambers] ORDER <u>GRANTING</u> PETITIONER A PRELIMINARY INJUNCTION and <u>VACATING</u> OSC HEARING**

On April 8, 2026, the Court issued a Temporary Restraining Order ("TRO," Dkt. No. 10) ordering Respondents to immediately release Petitioner Dzhakhar Aslambekov ("Petitioner") from their custody, among other relief. The Court also issued an order to show cause why a preliminary injunction should not issue, and set a briefing schedule and hearing on the same.

On April 10, the parties filed a Joint Status Report stating that Respondents released Petitioner from their custody. *See* Joint Report (Dkt. No. 12).

On April 14, Respondents filed a Response to the OSC (Dkt. No. 13), arguing that because Petitioner was released, the OSC regarding a preliminary injunction was moot and should be denied on that basis. Respondents further suggested that the entire case is moot and should be dismissed. Respondents did not respond to the merits of Petitioner's underlying claims.

On April 17, Petitioner filed a Reply (Dkt. No. 14) in support of the Court entering a preliminary injunction, arguing that the issues raised are not moot.

The Court has considered both positions and recognizes that courts have come down on either side of this question. However, the Court concludes that Petitioner's claims were not mooted by his release. In *Nielsen v. Preap*, 586 U.S. 392 (2019), the Supreme Court held that a petitioner's release from immigration detention pursuant to preliminary injunctive relief did not moot a habeas petition because "[u]nless [a] preliminary injunction was made permanent . . . these individuals faced the threat of re-arrest and mandatory detention." *Nielsen*, 586 U.S. at 402–04. This reasoning applies here: "[o]nce the TRO expires and absent a preliminary injunction, [Petitioner] faces the continued 'threat of re-arrest and mandatory detention.' [] This continued threat of re-detention necessarily means that the issue of [Petitioner's] entitlement to freedom from re-detention absent compliance with due process—one of [Petitioner's] requested remedies—is still 'live' and in controversy" and therefore is not moot. *Singh v. Marin*, Case No 5:26-cv-00643-ODW (DFMx), 2026 WL 559767, at *2 (C.D. Cal. Feb. 27, 2026) (citing *Nielsen*, supra). The Court agrees and rejects Respondents' argument that the OSC and Petitioner's habeas petition more generally are moot.

For the reasons that the Court already explained in its TRO, which it will not repeat here, the Court finds that Petitioner has satisfied all of the *Winter* factors and that a preliminary injunction is warranted to protect his right to due process.

## CONCLUSION

The Court **GRANTS** Petitioner Dzhakhar Aslambekov a Preliminary Injunction. For the duration of this habeas action, the Court **ENJOINS** Respondents from re-detaining Petitioner without notice of the reasons for revocation of his parole and a pre-deprivation hearing before a neutral immigration judge to determine whether detention is warranted. At any such hearing, Respondents bear the burden of establishing that Petitioner poses a risk of flight or danger to the community.

The OSC hearing set for April 22, 2026 is **VACATED**. *See* Fed. R. Civ. P. 78, C.D. Cal. L.R. 7-15. Consistent with General Order 05-07, any further proceedings in this case are referred to Magistrate Judge Oliver.

**IT IS SO ORDERED**.